IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,401 & AP-75,402






EX PARTE ALVIN ORTIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NOS. 45,111-C & 45,112-C IN THE 251
ST 


DISTRICT COURT OF POTTER COUNTY






 Per curiam.



O P I N I O N




 Applicant was convicted of family violence assault, repeater, and aggravated
assault. Punishment was assessed at confinement for seven years and fourteen years,
respectively. These convictions were affirmed. Ortiz v. State, Nos. 07-02-00391-CR and
07-02-00392-CR (Tex.App. - Amarillo, delivered October 10, 2003, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not notify him that the conviction
had been affirmed or what he needed to do to file such a petition. An affidavit filed by
appellate counsel states that counsel notified Applicant before the opinion was delivered
that Applicant could file a pro se petition for discretionary review, but that counsel has no
record any notice of the affirmance was sent to Applicant after the opinion was delivered. 
The trial court has found that counsel did not timely notify Applicant that his appeal had
been affirmed.

 Therefore, Applicant is entitled to relief. Ex parte Wilson, 965 S.W.2d 25
(Tex.Cr.App. 1997). The proper remedy in a case such as this is to return Applicant to
the point at which he can file a petition for discretionary review. He may then follow the
proper procedures in order that meaningful petitions for discretionary review may be
filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decision had been rendered on the day the mandate
of this Court issues. We hold that should Applicant desire to seek discretionary review,
he must take affirmative steps to see that his petitions are filed in the Court of Appeals
within thirty days after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: May 10, 2006

DO NOT PUBLISH